UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JORGE LUIS PULIDO-GONZALEZ,<br><br>        Defendant-Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Plaintiff-Respondent. | Case No. CV08-1005-JLR-BAT<br>         (CR07-38-JLR)<br><br>REPORT AND<br>RECOMMENDATION |

## INTRODUCTION AND SUMMARY CONCLUSION

Jorge Luis Pulido-Gonzalez ("petitioner") is a federal prisoner who has filed a 28 U.S.C. §2255 motion to vacate or correct the 75 month sentence he received on January 28, 2008 in CR07-38JLR. Dkt. 1; CR 56.[1] Petitioner presents three claims for relief:

    1)    He is "entitled to a post conviction downward departure under USSG § 5K2.19" for "making efforts at rehabilitating himself." *Id*. at 3.

    2)    He was denied effective assistance of counsel by his lawyer's failure to argue for a "2 points down ward [sic] departure as a consequence of [petitioner's] status as a deportable alien." Dkt. 1 at 4.

    3)    Counsel "misrepresented and misadvised the plea to the defendant about the condition of his plea bargain." *Id.* at 5.

---

[1]CR refers to the docket in CR07-38-JLR. Dkt. refers to the docket in CV08-1005-JLR.
REPORT AND
RECOMMENDATION – 1

Following a careful review of the parties' pleadings and the record, the Court recommends that petitioner's § 2255 motion be denied and dismissed with prejudice.

## FACTS AND PROCEDURAL HISTORY

On February 7, 2007, a grand jury returned an indictment charging petitioner with one count of conspiracy to distribute methamphetamine, two counts of distribution of methamphetamine, and two counts of possession with intent to distribute methamphetamine. CR 11. On February 15, 2007, at his arraignment hearing, petitioner entered pleas of not guilty. CR 19. On April 6, 2007, petitioner was charged by superseding information with one count of conspiracy to distribute methamphetamine. CR 31. That same day, petitioner entered into a written plea agreement and pled guilty to conspiracy to distribute methamphetamine as charged in the superseding information. CR 35.

Petitioner's plea agreement states that "[d]efendant understands that the statutory penalties for the offense of Conspiracy to Distribute Methamphetamine as charged in count 1 of the superseding information are as follows: A mandatory minimum sentence of ten (10) years, up to a maximum sentence of life in prison." *Id* at 2. The plea agreement further states that "[t]he parties agree and stipulate that the following sentencing guidelines provision applies to this court case: A base offense level of 38, pursuant to USSG § 2D1.1." *Id.* at 8. Also, as part of the plea agreement, petitioner agreed to cooperate. *Id.* at 8-10. "In exchange for petitioner's cooperation, and conditioned upon petitioner's fulfillment of all conditions of the plea agreement, the United States agreed to consider filing a motion pursuant to 18 U.S.C. § 3553(e) and/or Section 5K1.1." *Id.* at 9.

On April 24, 2007, the Honorable James L. Robart entered an order accepting petitioner's plea of guilty and adjudging him guilty. CR 37. On January 17, 2008, the United States, satisfied with petitioner's cooperation, filed a sentencing recommendation and motion for a downward

departure, pursuant to USSG § 5K1.1. CR 50. The United States' sentencing recommendation stated "[b]ased on the quantity of drugs seized from Defendant, the Total Offense Level is 33 which includes a three-level reduction for acceptance of responsibility and a two-level safety valve reduction. A Total Offense Level of 33 with a Criminal History Category of I, results in a sentencing range of 135 – 168 months." *Id.* The United States recommended a downward departure to 75 months. *Id.*

On January 23, 2008, petitioner's lawyer filed a sentencing memorandum recommending a sentence of 36 months. CR 53. On January 28, 2008, the Court imposed a sentence of 75 months of imprisonment followed by five years of supervised release. CR 56. The Court also dismissed counts 2, 3,4, and 5 of the indictment. *Id.*

On June 26, 2008, petitioner filed the §2255 now before the Court. Dkt. 1. On August 26, 2008, the United States filed its response contending petitioner's motion lacks merit and should be denied. Dkt. 6.

## DISCUSSION

### I. LEGAL STANDARDS

#### 1. Title 28 United States Code § 2255

Under 28 U.S.C. § 2255, a prisoner serving a federal sentence may move the sentencing court to vacate, set aside or correct the sentence on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States. "A district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the prisoner's allegations fail to state a claim for relief or "are so palpably incredible or

patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996). Mere conclusory statements or statements that are inherently incredible are insufficient to require a hearing. *United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004).

An evidentiary hearing is only required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. *Howard*, 381 F.3d at 877.

**2. Ineffective Assistance of Counsel**

To establish a Sixth Amendment violation for ineffective assistance of counsel, petitioner must demonstrate (1) that his lawyer's representation "fell below the range of competence demanded of attorneys in criminal cases," and (2) that he was prejudiced by that behavior. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005).

The two-prong analysis set forth in *Strickland*, applies to ineffective assistance of counsel challenges to guilty pleas. *Washington v. Lampert*, 422 F.3d 864, 872-73 (9th Cir. 2005). To prove a deficient performance of counsel, the petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985); *see also Jeronimo*, 398 F.3d at 1155. To prove prejudice, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In the context of a plea bargain, the prejudice requirement is met by showing that, but for counsel's alleged errors, the petitioner would have rejected the plea offer. *See Weaver v. Palmateer*, 455 F.3d 958, 967 (9th Cir. 2006). Courts considering ineffective counsel claims

REPORT AND
RECOMMENDATION – 4

"indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Jeronimo*, 398 F.3d at 1155. "Because of the difficulties in evaluating attorney performance in hindsight, courts indulge a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance." *Jeronimo*, 398 F.3d at 1155 (internal citations and quotations omitted).

A court addressing a claim of ineffective assistance of counsel need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong. *Weaver v. Palmateer*, 455 F.3d at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id*.

**II. PETITIONER'S CLAIMS**

**1. Failure to Seek Downward Departure for Post-Conviction Rehabilitation**

Petitioner contends his Sixth Amendment right to effective assistance of counsel was violated because his lawyer did not move for a downward departure under USSG. § 5K2.19. Dkt. 1 at 3. The language of § 5K2.19 expressly states that <u>post-sentencing</u> rehabilitation is "not an appropriate basis for a downward departure." However, "'[p]ost-offense rehabilitation – as distinguished from post-sentencing rehabilitation – can be a basis for a downward departure.'" *United States v. Tzoc-Sierra*, 387 F.3d 978, 982 (9th Cir. 2004) citing *United States v. Thompson*, 315 F.3d 1071, 1077 (9th Cir. 2002) (concurring opinion). Petitioner's §2255 motion is not the model of clarity. However, the Court concludes that by using the term "post-conviction rehabilitation," dkt. 1 at 3, petitioner is asserting that his attorney was ineffective for failing to move for a downward departure based on post-offense rehabilitation. *See Florida v. Nixon*, 543 U.S. 175, 188 (2004) ("A plea is not simply a strategic choice; it is 'itself a conviction'") (citing *Boykin v. Alabama*, 395 U.S. 238, 242, (1969)).

REPORT AND
RECOMMENDATION – 5

A downward departure for post-offense rehabilitative efforts must be based on a determination that the petitioner has "demonstrated an extraordinary level of rehabilitation." *United States v. Working*, 287 F.23d 801, 808 (9th Cir. 2002). To depart downward, a sentencing court "must establish why any factor impelling departure is present to an extraordinary or atypical degree." *United States v. Thompson*, 315 F.3d at 1077.

Petitioner has provided nothing to show that at the time of his sentencing, there was any basis for a reasonable attorney to conclude that petitioner's post-offense rehabilitative efforts were sufficiently atypical or extraordinary to justify a downward departure. Absent such a showing, petitioner has failed to establish that a reasonably competent attorney would have sought a departure based on post-offense rehabilitation, and that there is a reasonable probability that the sentence he received would have been different.

**2. Failure to Move for Downward Departure Based on Status as an Alien**

Petitioner next contends his attorney was ineffective for failing to argue for a "2 points down ward [sic] departure as a consequence of [petitioner's] status as a deportable alien." Dkt. 1 at 4. Specifically, petitioner argues his status as a "deportable alien" is a "mitigating factor" because it renders him "ineligible for pre release [sic] custody and minimum security confinement." *Id.*

Prior to *Koon v. United States*, 518 U.S. 81, (1996), collateral consequences of alien status, such as ineligibility for more lenient conditions of confinement, was not a basis for a downward departure. *See e.g. United States v. Restrepo*, 999 F.2d 640, 645 (2d Cir. 1993). However, after *Koon*, sentencing courts could "no longer categorically proscribe a basis for departure--unless the Commission has proscribed, as a categorical matter, consideration of the factor." *United States v. Charry Cubillos*, 91 F.3d 1342, 1344 (9th Cir. 1996). Rather, sentencing courts were required to determine, "under the facts and circumstances of each case, whether the factor takes the case

REPORT AND
RECOMMENDATION – 6

outside of the 'heartland.'" *Id.*

The Court in *Charry Cubillos* observed that the federal sentencing guidelines do not specifically mention "increased sentences as a factor resulting from deportable alien status." *Id.* at 1343. Thus, the *Charry Cubillos* court and other Circuit Courts of Appeal concluded that sentencing courts may consider a defendant's status as a deportable alien as a basis for downward departure in an extraordinary case. *Id. at 1344*; *see also United States v. Lopez-Salas*, 266 F.3d 842, 846-51 (8th Cir. 2001) (holding that "alien status and the collateral consequences flowing therefrom may be an appropriate basis for departure"); *United States v. Farouil*, 124 F.3d 838, 847 (7th Cir. 1997) (holding that the district court had discretion to consider whether a downward departure was warranted based on defendant's alien status).

Here, petitioner contends his lawyer should have argued that that his status as a deportable alien is a "mitigating factor" because as a deportable alien, petitioner will not be eligible for "pre release custody and minimum security confinement." Dkt., 1 at 4. Whether petitioner's lawyer should have argued this "mitigating factor" depends on the specific circumstances of petitioner's case. A defendant's status as a deportable alien does not automatically entitle him or her to a downward departure from the sentencing guidelines. Rather, in departing downward, a sentencing court must determine, "under the facts and circumstances of each case, whether the factor takes the case outside of the 'heartland.'" *Charry Cubillos*, 91 F.3d at 1344. Additionally, a departure from the advisory sentencing guidelines based on the collateral consequences of a prisoner's status as a deportable alien, while permissible, is generally proper only where the difference in the severity of a prisoner's sentence is substantial. *Id. at* 1343-44.

Petitioner has provided nothing to show that at the time of his sentencing, there was any basis for a reasonable attorney to conclude that petitioner's case fell outside of the "heartland" of

REPORT AND
RECOMMENDATION – 7

cases, or that his sentence was substantially more severe because of his status as a deportable alien. Consequently, petitioner has failed to establish that a reasonably competent attorney would have sought such a departure or that there is a reasonable probability and that the sentence he received would have been different.

### 3. Misrepresentations and Improper Advice Regarding Petitioner's Guilty Plea

Petitioner also contends his right to effective assistance of counsel was violated because his lawyer:

> "misrepresented and misadvised the plea to the defendant about the condition of his plea bargain when specifically enquired by the defendant, in as much as counsel knew that defendant's whole behavior and guilty plea was structured to avoid a plea agreement that would result in a long sentence or prison time. Defendant invoking this knowledge and now detrimentally relying on counsel's advice, pled guilty. All this constitutes ineffective assistance of counsel"

Dkt. 1 at 5.

Petitioner's claim is unsupported. Petitioner fails to explain how his attorney "misrepresented and misadvised the plea." Dkt. 1 at 5. He provides no explanation, information or details about specifically what defense counsel actually said that led to the "misrepresented and misadvised plea." Based on the record before it, the Court concludes petitioner's vague and conclusory claims fail to establish that his lawyer was ineffective. *See Shah v. U.S.*, 878 F.2d 1156, 1161 (9th Cir. 1989) (observing that vague and conclusory allegations of ineffective assistance do not require an evidentiary hearing); *United States v. Edmo*, 456 F.2d 240, 241-42 (9th Cir. 1971) (plea not set aside for ineffective assistance where defendant did not specify what his counsel said or did to cause defendant to enter plea).

REPORT AND
RECOMMENDATION – 8

### 4. An Evidentiary Hearing is Not Required

An evidentiary hearing is not required when a petitioner's allegations do not state a claim for relief. *U.S. v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (internal citations and quotations omitted). As petitioner's allegations fail to state a claim of ineffective assistance of counsel, an evidentiary hearing is not required.

### CONCLUSION

For the reasons discussed above, the Court recommends that petitioner's 28 U.S.C. § 2255 motion to vacate and correct his 2008 federal court sentence be denied. A proposed order accompanies this Report and Recommendation.

DATED this 22nd day of September, 2008.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND
RECOMMENDATION – 9